IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JANET CRAVEN<br>528 McKinley Ave<br>Carrollton, Ohio 44615 | ) ) ) ) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | ) ) | |
| v. | ) ) | **COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND THE OHIO MINIMUM FAIR WAGE ACT AND DAMAGES AND INJUNCTIVE RELIEF** |
| CARROLLTON AERIE #2815 FOE<br>1270 Brenner Road NE,<br>Carrollton, Ohio 44615. | ) ) ) ) | |
| -And- | ) ) | |
| GRAND AERIE OF THE FRATERNAL<br>ORDER OF EAGLES<br>c/o Corporation Service Company<br>50 West Broad Street Suite 1330<br>Columbus, Ohio 43215 | ) ) ) ) ) ) | **(Jury Demand Endorsed Hereon)** |
| -And- | ) ) | |
| DALE HENDRICKS<br>8236 Scio Rd SE<br>Scio, Ohio 43988 | ) ) ) ) | |
| -And- | ) ) | |
| DAVID FLANNARY<br>26530 State Route 30<br>Kensington, Ohio 44427 | ) ) ) ) | |
| -And- | ) ) | |
| FRANK BLAKE<br>1170 Richfield Center<br>Beavercreek, Ohio 45430 | ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiff Janet Craven by and through undersigned counsel, as her Complaint against

Defendant, states and avers the following:



## PARTIES

1. Craven is a resident of the city of Carrollton, county of Carroll, in the state of Ohio.

2. Carrollton Aerie #2185 FOE ("Carrollton Aerie") is a domestic non-profit corporation conducting business in the state of Ohio with its principal place of business located in the state of Ohio at 1270 Brenner Road NE, Carrollton, 44615.

3. Defendant Grand Aerie of the Fraternal Order of the Eagles ("Grand Aerie") is a foreign non-profit corporation conducting business in the state of Ohio with its principal place of business located in the state of Ohio at 1270 Brenner Road NE, Carrollton, 44615.

4. Carrollton Aerie and Grand Aerie are herein after referred to as the "Fraternal Order Defendants".

5. During all times material to this Complaint, the Fraternal Order Defendants were "employers" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d); an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r); and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1) and R.C. § 4111.03(D).

6. During all times material to this Complaint, Plaintiff was an "employee" of the Fraternal Order Defendants within the meaning 29 U.S.C. § 203(d) and O.R.C. § 4111.03(D).

7. Hendricks is a trustee of the Carrollton Aerie.

8. Hendricks did, and, at all times hereinafter mentioned, acted directly or indirectly in the interest of the Fraternal Order Defendants and/or within the scope of being a trustee for the Carrollton Aerie.

9. At all times relevant herein, Hendricks supervised and/or controlled Craven's employment with the Fraternal Order Defendants.

10. Hendricks was an employer within the meaning of R.C. § 4112.01(A)(2).

The Employee's Attorney.™ 

11. Flannary is a trustee of the Carrollton Aerie.

12. Flannary did, and, at all times hereinafter mentioned, acted directly or indirectly in the interest of the Fraternal Order Defendants and/or within the scope of being a trustee for the Carrollton Aerie.

13. At all times relevant herein, Flannary supervised and/or controlled Craven's employment with the Fraternal Order Defendants.

14. Flannary was an employer within the meaning of R.C. § 4112.01(A)(2).

15. Blake is a trustee of the Carrollton Aerie.

16. Blake did, and, at all times hereinafter mentioned, acted directly or indirectly in the interest of the Fraternal Order Defendants and/or within the scope of being a trustee for the Carrollton Aerie.

17. At all times relevant herein, Blake supervised and/or controlled Craven's employment with the Fraternal Order Defendants.

18. Blake was an employer within the meaning of R.C. § 4112.01(A)(2)

## JURISDICTION & VENUE

19. This Court has federal question jurisdiction over this action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

20. This Court has personal jurisdiction over Carrollton Aerie because Carrollton Aerie is a domestic non-profit corporation that conducts business in this District, and at all times material to the allegations contained herein, Defendant conducted a non-charitable business in this District and had sufficient minimum contacts within this District.

21. This Court has personal jurisdiction over Carrollton Aerie because it maintains control, oversight, and direction over the operation of Carrollton Aerie's facilities, including their employment practices.



22. This Court has personal jurisdiction over Grand Aerie because Grand Aerie is a domestic non-profit corporation that is registered to conduct business in this District, and at all times material to the allegations contained herein, Defendant conducted a non-charitable business in this District and had sufficient minimum contacts within this District.

23. This Court has personal jurisdiction over Grand Aerie because it maintains control, oversight, and direction over the operation of Carrollton Aerie's facilities, including their employment practices.

24. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's Ohio Wage Law claims, because those claims derive from a common nucleus of operative fact.

25. This Court has supplemental jurisdiction over Craven's state law claims pursuant to 28 U.S.C. § 1367 as Craven's state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

26. All material events alleged in this Complaint occurred in Carroll County.

27. Venue is proper in this forum pursuant to 28 U.S.C. § 1391, because at all times relevant hereto, Defendants are and have been responsible for the acts alleged herein, all of the practices complained of herein occurred in this District, and Defendants have received substantial compensation as a result of doing business in this District.

## FACTS

28. Craven is female.

29. Craven is a former employee of the Fraternal Order Defendants.

30. On or about August 4, 2005, Fraternal Order Defendants hired Craven as head bartender.

31. At the time Cravens was hired, she was forty years old.

32. As head bartender, Craven was a non-exempt employee, and subject to the minimum wage and overtime requirements of the FLSA and the Ohio Wage Law.



33. Craven was an hourly employee.

34. As of 2016, Craven was paid $8.00 per hour.

35. Craven regularly worked over forty hours per week at Carrollton Aerie.

36. During her employment at Fraternal Order Defendants, Craven was entitled to receive overtime pay for any hours worked in excess of forty per week.

37. Defendants did not pay Craven overtime for any hours worked in excess of forty per week.

38. During her employment with Fraternal Order Defendants, Craven complained about working as many as 67.5 hours per week without receiving overtime compensation.

39. Fraternal Order Defendants willfully and intentionally failed to compensate Craven for hours she worked in excess of forty hours per week.

40. Fraternal Order Defendants knew that Craven was working over forty hours per week and was a non-exempt employee, however, Craven was told by Carrollton Aerie trustees that, "the Eagles do not pay overtime."

41. As a result of Defendant's unlawful refusal to pay Craven earned overtime, Craven has suffered, and will continue to suffer, pecuniary harm.

42. As a result of Defendant's unlawful refusal to pay Craven earned overtime, Craven has suffered, and will continue to suffer, pecuniary harm.

43. As a result of Defendant's unlawful deductions and withholdings from her pay, Craven has suffered, and will continue to suffer, pecuniary harm.

44. During her employment, Craven witnessed Fraternal Order Defendants make employment decisions based on gender.

45. During Craven's employment, Fraternal Order Defendants had a policy to only hire attractive female bartenders.

The Employee's Attorney.™ 

46. During Craven's employment, Fraternal Order Defendants had a policy that only females were allowed behind the bar.

47. During Craven's employment, Fraternal Order Defendants had a policy to only hire females that the members, "liked to look at" while the female employees were made to serve drinks.

48. When Craven objected to Fraternal Order Defendants' refusal to hire or consider male applicants for open bartending positions, Carrollton Aerie trustees told Craven that, "no one wants to look at guys behind the bar."

49. During her employment, Craven was subjected to unwelcome sexual harassment in the form of sexual advances or requests for sexual favors by Flannary, a Carrollton Aerie trustee.

50. Flannary told Craven, "we could have great sex together."

51. Flannary became angry and jealous when other male customers or members talked to Craven.

52. Flannary became angry and jealous when other male customers or members flirted with Craven.

53. Flannary regularly made sexual comments to Craven about her physical appearance.

54. Flannary regularly made comments to Craven about his sexual desire for Craven.

55. Flannary regularly told Craven, "your boobs look good today."

56. Flannary regularly told Craven, "your boobs look good in that shirt."

57. Flannary's sexual advances and comments made it clear to Craven that her job depended on her submitting to Flannary's sexual advances.

58. Craven refused Flannary's sexual advances.

59. After Craven refused Flannary's sexual advances, he began to harass Craven by throwing items at her.

60. After Craven refused Flannary's sexual advances, he began to harass Craven by yelling at her and calling her names.

The Employee's Attorney.™ 

61. After Craven refused Flannary's sexual advances, he began to harass Craven by telling her to, "shut your fucking mouth," when Craven was speaking in Flannary's presence.

62. After Craven refused Flannary's sexual advances, Flannary threatened Craven's job by telling Craven, "you know I can fire you, right?"

63. After Craven refused Flannary's sexual advances, Flannary threatened Craven's job by telling customers and Carrollton Aerie members that, "I'll get rid of Janet [Craven] before I'm done."

64. After Craven refused Flannary's sexual advances, Flannary threatened Craven's job by saying, "you should have taken me up on my offer." The offer Flannary was referring to in his statement was his offer to have sex with Craven in exchange for job security.

65. Craven reported Flannary's harassing and offensive conduct to the Carrollton Aerie through Hendricks and Blake.

66. Carrollton Aerie knew about Flannary's harassing conduct, including the fact that Flannary had thrown heavy plates, food, and beer cans at Craven on numerous occasions throughout her employment.

67. Carrollton Aerie, Hendricks, and Blake, did not investigate or take remedial action in response to Craven's complaints about Flannary's harassing conduct.

68. Craven was terminated on September 30, 2016.

69. Craven was 51 years old at the time that Defendants terminated her employment.

70. When Hendricks called Craven to terminate her employment he refused to provide a reason.

71. Hendricks told Craven, "we don't need a reason to fire you."

72. Defendants did not provide Craven with a reason for her termination.

73. Craven was terminated as a result of requesting to be paid lawfully earned wages.

74. Craven was terminated as a result of complaining about failing to receive overtime wages.

75. Craven was terminated as a result of identifying that she was owed overtime wage compensation.

The Employee's Attorney.™ 

76. Craven was terminated as a result of refusing Flannary's sexual advances.

77. Craven was terminated as a result of reporting Flannary's harassing and offensive sexual conduct and comments.

## COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT

78. Plaintiff restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

79. At all times hereinafter mentioned, Defendant was a single enterprise within the meaning of section 3(r) of the Fair Labor Standards Act ("FLSA").

80. During all times material to this complaint, Plaintiff was not exempt from receiving overtime and/or minimum wage under the FLSA because, inter alia, she was not an "executive," "computer," "administrative," or "professional" employee, as those terms are defined under the FLSA. See 29 C.F.R. §§ 541.0, et seq.

81. During all times material to this Complaint, Defendant violated the FLSA with respect to the Plaintiff by, *inter alia*, failing to compensate her at time-and-one-half times her regular rate of pay for any hours worked in excess of forty (40) hours per workweek.

82. During all times material to this complaint, Defendant knew that Plaintiff was not exempt from the minimum wage and overtime obligations imposed by the FLSA.

83. During all times material to this complaint, Defendant knew of their requirement to pay Plaintiff at least the applicable minimum wage, plus overtime compensation at a rate of one and one-half her regular rate for hours worked in excess of forty (40) hours per workweek.

84. Defendant willfully withheld and failed to pay overtime compensation to which Plaintiff was entitled.

85. In violating the FLSA, Defendant acted willfully, without a good faith basis and in reckless disregard of clearly applicable FLSA provisions.



The Employee's Attorney.™

86. As a direct and proximate cause of Defendant's conduct, pursuant to 29 U.S.C. § 216(b), Defendant is liable to Plaintiff and those similarly situated for the full amount of the required minimum wage rate, an additional equal amount as liquidated damages as well as costs and reasonable attorney fees.

### COUNT II: VIOLATION OF THE OHIO WAGE ACT

87. Craven restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

88. The Ohio Wage Act requires that covered employees be compensated for every hour worked in a workweek. *See* O.R.C. §§ 4111.01, *et seq*.

89. During all times material to this Complaint, Plaintiff was a covered employee entitled to individual protection of the Ohio Wage Act.

90. During all times material to this Complaint, Defendants were covered employers required to comply with the Ohio Wage Act's mandates.

91. Craven worked over forty hours per workweek during her employment with Defendant.

92. Defendants did not pay Craven overtime wages for hours worked over forty per workweek.

93. Pursuant to Ohio Rev. Code § 4111.03(A), an employer must pay a non-exempt employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of 40 hours in one workweek.

94. Craven was a non-exempt employee for purposes of Ohio Rev. Code § 4111.03(A).

95. As a direct and proximate result of Defendants' failure to pay Craven her lawfully earned overtime wages, Craven suffered damages.

96. Defendant acted willfully, without a good faith basis and with reckless disregard in violating O.R.C. §§ 4111.01, *et seq*.

97. Defendants acted in bad faith in violating O.R.C. §§ 4111.01, *et seq*.

The Employee's Attorney.™ 

98. As a direct and proximate result of Defendants' failure to pay Craven her lawfully earned overtime wages, pursuant to Ohio Rev. Code § 4111.10(A), Defendants are liable to Craven for the full amount of the overtime wage rate, as well as for costs and reasonable attorneys' fees as may be allowed by the Court.

## COUNT III: QUID PRO QUO SEXUAL HARASSMENT

99. Craven restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

100. As a female, Craven is a member of a protected class under R.C. § 4112.02 (A).

101. During her employment, Craven was subjected to unwelcome sexual harassment in the form of sexual advances or requests for sexual favors by Flannary, a Carrollton Aerie trustee.

102. The harassment against Craven was based on her gender.

103. Craven's submission to the unwelcome sexual advances by Flannary was an express or implied condition for receiving job benefits and/or continued employment.

104. Craven refused Flannary's sexual advances.

105. After Craven refused Flannary's sexual advances, Flannary harassed Craven by throwing items at her.

106. After Craven refused Flannary's sexual advances, Flannary harassed Craven by yelling at her and calling her names.

107. After Craven refused Flannary's sexual advances, Flannary threatened Craven's job by telling customers and Carrollton Aerie members that "I'll get rid of Janet before I'm done."

108. After Craven refused Flannary's sexual advances, Flannary threatened Craven's job by telling Craven, "you know I can fire you, right?"

109. After Craven refused Flannary's sexual advances, Flannary threatened Craven's job by saying, "you should have taken me up on my offer."

The Employee's Attorney.™ 

110. As a direct and proximate cause of Defendants' conduct, Craven suffered and will continue to suffer damages.

### COUNT IV: HOSTILE WORK ENVIRONMENT BASED ON SEXUAL HARASSMENT IN VIOLATION OF R.C. §§ 4112.02, 4112.99.

111. Craven restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

112. During her employment with Defendants, Craven was subjected to offensive and harassing conduct by Flannary based on her gender.

113. The unwelcomed sexual harassment against Craven was sufficiently severe or pervasive to affect the terms, conditions or privileges of Craven's employment.

114. Flannary's conduct had the purpose and/or effect of unreasonably interfering with Craven's job duties and created an intimidating, hostile, and offensive working environment. *See* R.C. § 4112-5-05(J)(1)(c).

115. Defendants knew or should have known of the harassing conduct against Craven by Flannary.

116. Defendants condoned, tolerated and ratified Flannary's harassing conduct.

117. Flannary's harassing conduct was offensive to Craven.

118. Flannary's offensive and harassing conduct created a hostile and/or abusive work environment for the reasonable person similarly-situated to Craven.

119. As a direct and proximate cause of Defendants' conduct, Craven suffered and will continue to suffer damages.

### COUNT V: RETALIATORY WRONGFUL TERMINATION IN VIOLATION OF OHIO REVISED CODE § 4112.02(I)

120. Craven restates each and every prior paragraph of this Complaint, as if it were fully restated herein.



121. Pursuant to Ohio Revised Code § 4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section. …"

122. Craven opposed Fraternal Order Defendants' policy to only hire female bartenders and to refuse to consider or hire male applicants for open bartending positions.

123. Craven reported Flannary's harassment and offensive conduct to Hendricks and Blake.

124. As a result of Craven's opposing unlawful harassment and discrimination, Defendants terminated Craven's employment.

125. Hendricks, Blake, and Flannary acted with actual malice when they retaliated against Craven.

126. Defendants' conduct was in violation of R.C. § 4112.02(I).

127. As a direct and proximate cause of Defendants wrongful conduct, Craven has suffered and will continue to suffer damages.

### COUNT VI: AGE DISCRIMINATION IN VIOLATION OF R.C. § 4112.02 AND R.C. § 4112.99.

128. Craven restates each and every prior paragraph of this complaint, as if it were fully restated herein.

129. Craven, at age 51, was a member of a statutorily-protected class under R.C. §4112.14(B) at the time she was terminated from her employment with the Defendants.

130. The Defendants violated R.C. §4112.02 and R.C. § 4112.99 by treating Craven differently from other similarly situated significantly younger employees.

131. The Defendants violated R.C. §4112.02 and R.C. § 4112.99 by terminating Craven because of her age.

132. After terminating Craven, the Defendants replaced Craven with a person who was significantly younger and/or not belonging to the protected class under R.C. §4112.14(B).

The Employee's Attorney.™

133. As a direct and proximate cause of the Defendants' wrongful termination of Craven based on age discrimination, she suffered and will continue to suffer damages.

134. As a direct and proximate cause of the Defendants' conduct, Craven suffered and will continue to suffer damages.

### COUNT III: UNLAWFUL RETALIATION BASED ON PROTECTED WAGE COMPLAINTS.

135. Craven restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

136. Throughout Craven's employment, she made complaints to Defendants regarding their failure to pay her overtime compensation.

137. Following Craven's complaints and as a proximate cause of her complaints, Defendants retaliated against Craven by terminating her employment.

138. Pursuant to 29 U.S.C. § 215, no employer shall discharge or in any other manner discriminate against any employee because the employee has made any complaint to the employee's employer, or to the director, that the employee has not been paid wages in accordance with the overtime compensation provisions of 29 U.S.C. § 201 *et seq.*

139. Defendants' act of terminating Craven from her employment constituted a retaliatory discharge in violation of 29 U.S.C. § 215.

140. As a direct and proximate cause of Defendants' retaliatory conduct, Craven suffered and will continue to suffer damages.

### COUNT VII: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

141. Craven restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

142. Flannary intended to cause Craven emotional distress, or knew that his acts or omissions would result in serious emotional distress to Craven.

The Employee's Attorney.™   SPITZ LAW FIRM

143. Flannary's conduct was so extreme and outrageous as to go beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community.

144. As a direct and proximate cause of Flannary's acts and omissions as set forth above, Craven has suffered mental anguish of such a serious nature that no reasonable person could be expected to endure it.

145. As a direct and proximate cause of Flannary's conduct and the resulting emotional distress, Craven suffered and will continue to suffer damages.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff Janet Craven respectfully requests that this Honorable Court grant the following relief:

(a) Awarding to Plaintiff unpaid wages as to be determined at trial together with any liquidated damages allowed by FLSA;

(b) Awarding Plaintiff costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

(c) Awarding Plaintiff such other and further relief as the Court deems just and proper;

(d) An injunction prohibiting Fraternal Order Defendants from engaging in future violations of the FLSA and the Ohio Wage Act;

(e) Issue a permanent injunction:

    (i) Requiring Defendants to abolish discrimination, harassment, and retaliation;

    (ii) Requiring allocation of significant funding and trained staff to implement all changes within two years;

    (iii) Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and



(iv) Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(f) Issue an order requiring Defendants to restore Craven to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(g) An award against Defendants of compensatory and monetary damages to compensate Craven for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(h) An award of punitive damages against Defendants in an amount in excess of $25,000;

(i) An award of reasonable attorneys' fees and non-taxable costs for Craven's claims as allowable under law;

(j) An award of the taxable costs of this action;

(k) For a judgment against Defendants for all damage, relief, or any other recovery whatsoever; and

(l) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/ Chris P. Wido*
Chris P. Wido (0090441)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, Ohio 44122
Phone: (216) 291-4744
Fax: (216) 291-5744
Email: chris.wido@spitzlawfirm.com

*Attorney or Plaintiff Janet Craven*

The Employee's Attorney.™   SPITZ LAW FIRM

## JURY DEMAND

Plaintiff Janet Craven demands a trial by jury by the maximum number of jurors permitted.

>*/s/ Chris P. Wido*
>Chris P. Wido (0090441)
>**THE SPITZ LAW FIRM, LLC**

